

FILED

2015 JUN 29  AM 10: 15

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

JOSE ESPINOSA AND
LELONELA RODRIGUEZ

        Plaintiffs,

vs.   CASE NO.:

AMERICAN SECURITY INSURANCE
COMPANY

        Defendant.

2:15-cv-388-FtM-38CM

_____/

## COMPLAINT

Plaintiffs, JOSE ESPINOSA AND LELONELA RODRIGUEZ (hereinafter referred to as "Plaintiffs"), by and through their undersigned counsel, hereby sue the Defendant, AMERICAN SECURITY INSURANCE COMPANY (hereinafter referred to as "Defendant"), and as grounds therefore state as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiffs were and are residents of Lee County, Florida.

3. At all times material hereto, Plaintiffs owned the property located at 2614 54th Street SW, Lehigh Acres, Lee County, Florida 33976 (hereinafter referred to as the "Insured Property").

4. At all times material hereto, Defendant was and is a domestic corporation in the State of Florida and engages in the business of providing property insurance coverage to residents of Florida in exchange for the payment of a premium.

5. In consideration of the premium paid to it by Plaintiffs, Defendant issued to Plaintiffs an insurance policy, Policy No. ALR21154263264 (hereinafter referred to as the "Policy") which was in full force and effect at the same time damage occurred to the Insured Property located at 2614 54th Street SW, Lehigh Acres, Lee County, Florida 33976. Defendant is believed to be in possession of the Policy. A copy of the Policy is attached hereto as Exhibit "A".

6. The Policy extends coverage if the Insured Property is damaged by an insured peril.

7. Actual physical damage caused as a result of sinkhole activity is a covered peril under the Policy.

## BREACH OF CONTRACT

8. Plaintiffs re-allege paragraphs 1 through 7 as if fully set forth herein

9. This is an action for damages for breach of insurance contract against Defendant.

10. On or about August 15, 2011, the insureds began noticing cracking damage at the Insured Property. Plaintiffs suffered a substantial loss regarding their real property and continue to suffer such loss.

11. Plaintiffs timely reported the loss and damage to Defendant. From this point in time forward, Defendant had notice of Plaintiffs' claim for damages.

12. In response to Plaintiffs' claim, Defendant retained Central Florida Testing Laboratories, Inc., (hereinafter referred to as "CFTL"), a geotechnical and engineering firm, to inspect and assess the damage to the Insured Property.

13. On or about October 13, 2013, CFTL issued a report of its findings and conclusions from its investigation of the Insured Property. A copy of the report is attached hereto as Exhibit "B".

14. In its report, CFTL concluded that damage due to sinkhole activity does not exist at the Insured Property. See Exhibit "B".

15. On November 13, 2013, Defendant sent correspondence to Plaintiffs denying their claim. A copy of the letter is attached hereto as Exhibit "C".

16. Defendant breached the contract by denying Plaintiffs' claim on November 13, 2013.

17. Given their concerns with the testing and the report prepared by CFTL, and the denial of their claim, Plaintiffs retained the services of Bay Area Sinkhole Investigation and Civil Engineering, Inc. (hereinafter referred to as "BASIC"), a geotechnical company, to conduct an investigation of the Insured Property. A copy of the report prepared by BASIC after its investigation is attached as hereto as Exhibit "D".

18. BASIC confirmed that sinkhole activity is present at the Insured Property and is a cause of damage to the structure at the Insured Property, within a reasonable professional probability. See Exhibit "D".

19. An insured peril has caused damage to the Insured Property. See Exhibit "D".

20. Upon information and belief, Defendant failed to comply with standard geotechnical engineering practices and procedures in completing its inspection, testing, and evaluation of the damage to the Insured Property.

21. Plaintiffs submitted a copy of BASIC's report and findings to Defendant.

22. Defendant knew, or should have known, that the Insured Property sustained actual physical damages that was directly caused by sinkhole activity, and that insurance monies were due and owing to the Plaintiffs.

23. Defendant knew, or should have known, that Plaintiffs would have continuing covered damages that were and are directly caused by sinkhole activity wherein Plaintiffs would be able to submit such claims for payment under the Policy.

24. Despite having received the BASIC report, Defendant failed and/or refused to admit coverage for the loss and have failed and/or refused to tender any insurance proceeds due and owing to the Plaintiffs under the Policy.

25. Defendant's conduct is contrary to the provisions of the contract.

26. Plaintiffs have done and performed all those matters and things properly required of them under the insurance policy, or alternatively, they have been excused from performance by the acts of Defendant by its representations and/or conduct.

27. Defendant has breached its contract with Plaintiffs by denying their claim.

28. Plaintiffs requested that Defendant admit coverage and pay their damages. Defendant has failed and/or refused to do so, and continues to refuse to admit coverage and pay the damages despite knowing it is required to do so.

29. Plaintiffs, as a result of sinkhole activity at the Insured Property, have suffered damage to the Insured Property, and as a direct result of Defendant's breach of its insurance

contract, Plaintiffs have lost the full value and full benefit of their real property and continue to suffer such loss.

30. As a direct result of Defendant's breach of its insurance contract, it has been necessary for Plaintiffs to incur and become obligated for attorneys' fees and costs in the prosecution of this action. Florida Statute §627.428 provides for the recovery of such attorneys' fees in the event of such need.

WHEREFORE, Plaintiffs, JOSE ESPINOSA AND LELONELA RODRIGUEZ, pray this Court determine: (a) that Defendant has breached its insurance contract; (b) to enter an Order directing Defendant to provide coverage and to pay in full, its contractual and compensatory damages under the contract; (c) to award pre-judgment interest on the amounts unpaid; (d) to award the costs of this action; (e) to award attorneys' fees pursuant to Florida Statute §627.428; and (f) to grant such other relief as this Court may deem just and appropriate.

### DEMAND FOR TRIAL BY JURY

Further, Plaintiffs request a trial by jury on all issues so triable.

Dated this 27th day of May, 2015.

MACKINNON LAW GROUP, P.A.

James S. Constable, Esquire
Florida Bar No. 68522
Ryan M. Bennett, Esquire
Florida Bar No. 72988
MACKINNON LAW GROUP, P.A.
10033 North Dale Mabry Hwy, Suite B
Tampa, Florida 33618
Telephone: (813) 751-0293
Facsimile: (813) 961-7800
Attorneys for Plaintiffs

14-2063-SE